IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUILLERMO ALFONSO SALAZAR-
VELASQUEZ,

      **Plaintiff,**

      v.                            CASE NO. 22-3287-JWL-JPO

D. HUDSON, Warden, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se in this civil rights case brought under 28 U.S.C. § 1331. Plaintiff is in custody at USP-Leavenworth in Leavenworth, Kansas ("USPL"). On December 2, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 7).[1]

Plaintiff's allegations are set forth in detail in the MOSC. In general, Plaintiff challenges his housing at USPL and argues that he should be housed in a low-security facility and that his placement in general population with medium-security inmates is in violation of BOP policy.

In his response, Plaintiff continues to argue that the BOP violated its policies when it refused to place Plaintiff in a holding unit after Plaintiff finished his quarantine period. (Doc. 7, at 1.) Plaintiff also continues to argue that he is a low-security inmate and should not be housed at a facility with a higher security level. *Id.* at 1–3. Plaintiff argues that he is being denied court access because he is being held in the SHU pursuant to his third disciplinary infraction and does not have his legal materials. *Id.* at 4–6. Plaintiff also alleges that he did not receive a response to

---

[1] The Court notes that Plaintiff also filed a response (Doc. 8) regarding the Court's Notice of Deficiency at Doc. 5. Plaintiff sets forth his attempts to pay the filing fee. Because Plaintiff was granted leave to proceed in forma pauperis, the Court need not address this response.

1

his letters to the BOP Director of the North Central Regional Office. *Id*. at 7–8.

Plaintiff's response does not show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court found in the MOSC that Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility. *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum*, 427 U.S. at 228–29; *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007). Plaintiff's allegations that his placement violated BOP policies also fails to state a valid claim. *See Brown v. Wyoming Dept. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007); *see also, Brown v. Rios*, 196 F. App'x 681, 683 (10th Cir. 2006) ("Where a liberty or property interest has been infringed, the process which is due under the United States Constitution is that measured by the due process clause, not prison regulations.") (citations omitted). Moreover, jail officials are entitled to great deference in the internal operation and administration of the facility. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979).

Plaintiff also alleges that he was assigned to an upper bunk, despite being 66 years old with "severe foot medical problem, and two [inguinal] hernias, etc." (Doc. 3, at 5.) The Court found in the MOSC that Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff has not alleged that he has a medical order for placement in a lower bunk only, or that his health was otherwise put into jeopardy. Plaintiff has not shown that defendants were deliberately indifferent to his health and safety.

Plaintiff also alleges that he has been denied access to the courts because his letters to the Director of the BOP's North Central Region were ignored. (Doc. 3, at 9.) The Court found in the MOSC that Plaintiff's claims relating to his dissatisfaction with responses to his grievances are

subject to dismissal.  The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system.  *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").

Plaintiff also alleges that he has been denied access to his legal papers and has limited access to the SHU law library.  *Id*.  The Court found in the MOSC that Plaintiff has not alleged that BOP staff prevented him from accessing the courts or caused him actual injury.

The Court also found in the MOSC that Plaintiff's property claims were subject to dismissal because deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy, and Kansas prisoners have an adequate state post-deprivation remedy.

In the MOSC, the Court held that to the extent Plaintiff seeks to have his disciplinary record expunged, such a claim must be brought as a petition for habeas corpus under 28 U.S.C. § 2241. *See Buhl v. Hood*, 81 F. App'x 273, 274 (10th Cir. 2003) (unpublished) (citing *see, e.g., Hamm v. Saffle,* 300 F.3d 1213, 1216 (10th Cir. 2002) (construing § 2254 habeas corpus action challenging prison disciplinary proceeding as action brought under § 2241); *Easter v. Saffle,* 51 Fed. Appx. 286, 288–89 (10th Cir. 2002) (noting that where claims necessarily imply invalidity of punishment

imposed by disciplinary proceeding, they cannot be brought under § 1983) (unpublished); *Caserta v. Kaiser,* No. 00–6108, 2000 WL 1616248, at *2 (10th Cir. Oct. 30, 2000) (noting that determination of "issues concerning prison disciplinary proceedings," are properly brought under § 2241) (unpublished); *Blum v. Fed. Bureau of Prisons,* No. 98–1055, 1999 WL 638232, at *1 (10th Cir. Aug. 23, 1999) (recognizing federal prisoner's challenge to disciplinary proceeding brought under 28 U.S.C. § 2241) (unpublished); *Reed v. Smith,* No. 97–6341, 1999 WL 345492, at **1–2 (10th Cir. June 1, 1999) (challenge to federal prison disciplinary proceeding not cognizable in *Bivens* action, but rather belongs under habeas corpus) (unpublished); *Brown v. Smith,* 828 F.2d 1493, 1494–95 (10th Cir. 1987) (construing civil rights complaint as also invoking § 2241 jurisdiction where prisoner challenged disciplinary proceedings)).

In his response, Plaintiff seeks to amend his complaint to add two additional defendants. He seeks to add John Doe Receiving and Discharge Supervisor in relation to his property claim. He also seeks to add John Doe Hospital Administrator, arguing that his requests for a lower bunk were ignored. Because Plaintiff's claims are being dismissed for failure to state a claim, his request to amend his complaint to add these defendants is denied.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the Court's MOSC. This matter is dismissed for failure to state a claim.

 **IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated January 13, 2023, in Kansas City, Kansas.

<pre>                              S/  John W. Lungstrum
                              JOHN W. LUNGSTRUM
                              UNITED STATES DISTRICT JUDGE</pre>